IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| RUBE'S II, INC., <br><br> Plaintiff, <br><br> v. <br><br> RUBE'S BBQ and BRYAN RUBNER, <br><br> Defendants. | CASE NO. 1:17-cv-00079 <br><br> **COMPLAINT** |

COMES NOW Plaintiff, Rube's II, Inc., and for its Complaint against Defendants, Rube's BBQ and Bryan Rubner, hereby states and alleges as follows:

## NATURE OF THE CASE

1.  This is an action for trademark infringement (15 USC § 1114, 1125), and unfair competition (15 USC § 1125(a)(1) of US Trademark No. 2181971 for "RUBE'S"; 2191901 for "RUBE'S"; and 3278359 for "RUBE'S" STEAKS" (hereafter the Registered Marks) resulting from Rube's BBQ's and/or Bryan Rubner's ("Mr. Rubner") unauthorized use of the confusingly similar marks "RUBE'S BBQ" and "RUBE'S BBQ AND CATERING" in connection with the advertisement, promotion, and operation of its competing prepared food products and catering and restaurant related services at least in the state of Iowa. Despite being notified by Rube's II, Inc. ("Rube's") of its Registered Marks and long history of use of those marks, and of the likelihood of and actual confusion that is occurring in areas where both organizations sell their products, Rube's BBQ and/or Mr. Rubner has refused to modify its name to a noninfringing mark. Rube's BBQ's continued use of a confusingly similar trademark usurps for itself the goodwill that Rube's and its predecessors have created in their Registered Marks. Further, Rube's BBQ posts what some would consider distasteful, unprofessional, or lewd material on its

Facebook page such that its continued use of the infringing mark may result in more than simple consumer confusion but also in damage to Rube's reputation in addition to its registered and commonlaw trademark rights. Consequently, Rube's has been and will continue to be damaged and, therefore, seeks injunctive relief, monetary damages, restitution, and all appropriate relief, including an order enjoining Rube's BBQ and Mr. Rubner from using an infringing trademark or confusingly similar business name, pursuant to Section 32, 43(a) of the Lanham Act, 15 U.S.C. 1114, 1125(a), and the common law of Iowa.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Rube's II, Inc., is a corporation organized and operated under the laws of the State of Iowa with its principal place of business at 202 W 14th Street, Tama, Iowa 52339.

3. Upon information and belief, Defendant, Rube's BBQ, is a sole proprietorship operating in and around Mechanicsville, Iowa with its principal place of business at 501 E South Street, Mechanicsville, Iowa 52306.

4. Upon information and belief, Defendant Bryan Rubner is the owner and operator of Rube's BBQ and lives in or around Mechanicsville, Iowa.

5. This Court has personal jurisdiction over Rube's BBQ and Mr. Rubner because they do business in this District and because many of the events giving rise to the claims herein either occurred in this District or were directed towards this District.

6. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 1125(a), and under 28 U.S.C. § 1331, 1337, and 1338. This Court has jurisdiction over Rube's state law claims under 28 U.S.C. § 1338(a) and 1367(a), as well as general principles of supplemental and pendent jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because, on information and belief, a substantial part of the events giving rise to the claims occurred in this District.

**FACTS COMMON TO ALL COUNTS**
**RUBE'S TRADEMARK RIGHTS**

8. For over 45 years, Rube's and its predecessors have built, supported and enjoyed its reputation as a trusted seller of premium meat products and provider of restaurant and catering services in the state of Iowa. Rube's reputation is based on the quality and consistency of the products and services it has provided for decades.

9. Rube's owns and operates a restaurant in Montour, Iowa, a second restaurant in Waukee, Iowa, and provides catering services and seasonally provides a food truck from which its products are sold for special events.

10. Rube's offers meat products in and outside the state of Iowa through sales on its website.

11. Rube's has provided its premium meat products and restaurant and catering services under the trademark RUBE'S, and/or the Registered Marks (collectively, the "RUBE'S Marks" or "Marks") since at least as early as 1973.

12. Rube's has invested significant resources to develop and foster its favorable reputation with the consuming public, and the wide recognition, and goodwill associated with its Marks and services, including through extensive advertising and promotional efforts and enforcement of its valuable trademark rights.

13. As a result of Rube's premium meat products, exceptional restaurant and catering services and extensive advertising and promotion, the RUBE'S Marks have become widely and favorably known, at least in Iowa and its neighboring states, as identifying premium meat

3

products and exceptional restaurant and catering services. The public has come to associate the well-known, distinctive, RUBE'S Marks exclusively with Rube's premium meat products and exceptional restaurant and catering services.

14. In recognition of Rube's rights in its RUBE'S Marks, the United States Patent and Trademark Offices ("PTO") has issued it several federal trademark registrations. True and correct copies of the registration certificates for the foregoing marks are attached as **Exhibit A.**

15. U.S. Trademark Registration Nos. 2,191,901, 3,278,359, and 2,181,971 are incontestable under 15 U.S.C. § 1065 and serve as conclusive evidence of the validity of these trademarks and registrations, and of Rube's exclusive right to use these trademarks in connection with the products and services set forth in these registrations. Each mark claims a date of first use long before what appears to be Rube's BBQ's first use of the Infringing Mark.

16. RUBE'S Marks are distinctive and at least some have been in use for more than 40 years. They are entitled to a broad scope of protection.

## RUBE'S BBQ'S WRONGFUL ACTS

17. On information and belief, Rube's BBQ and/or Mr. Rubner began operating its business as "Rube's BBQ" at least as early as April 1, 2016. "Rube's BBQ" will be referred to herein as the "Infringing Mark."

18. In or around May 2017, Rube's learned that Rube's BBQ and/or Mr. Rubner was using the Infringing Mark in conjunction with its meat products comprising at least meats, ribs and burnt ends according to its Facebook page (https://m.facebook.com/rubesbbq/) and catering services.

19. Rube's first use of the RUBE'S Marks in connection with meat products and restaurant and catering services predates any use by Rube's BBQ and/or Mr. Rubner of the Infringing Mark by several decades.

20. Upon information and belief, Rube's BBQ and/or Mr. Rubner operated a restaurant of that name sometime before May 1, 2017.

21. Rube's contacted Mr. Rubner regarding his restaurant's name and its infringement of Rube's trademark rights.

22. Shortly thereafter, the Rube's BBQ restaurant website was taken down.

23. Rube's BBQ soon reappeared as a catering service providing meat products, offered by the same owner, Mr. Rubner.

24. On May 18, 2017, Rube's received a text message from one of its regular customers inquiring why she had not been informed that Rube's was opening a location in Cedar Rapids and Rube's owner followed up with a phone call. The caller stated that she believed she had seen an announcement to that affect on Facebook.

25. The owners of Rube's investigated an ad located on a Facebook page describing Rube's BBQ and its products.

26. Upon information and belief, at least since its first use of the Infringing Mark, Rube's BBQ and/or Mr. Rubner has had either actual knowledge or reason to know of Rube's longstanding and widespread use of its RUBE'S Marks. Rube's BBQ and/or Mr. Rubner has also at all times known, or had reason to know, that those marks are well known and valuable.

27. On or about May 22, 2017, a representative of Rube's sent a written notice of infringement to Rube's BBQ requesting it cease and desist use of the term "Rube's" alone or in

5

combination, to identify goods or services related to meat products, restaurant services, or catering services.

28. On May 23, 2017, Mr. Rubner called Rube's representative and represented that his use of "Rube's BBQ" was minimal and asserted that he preferred to avoid an infringement issue and would change certain aspects of his use.

29. On June 20 Rube's representative spoke with Mr. Rubner to inquire as to why Mr. Rubner had not complied even with his own representations of May 23, 2017. Mr. Rubner indicated to Rube's representative that he did not need to stop using the name "Rube's" because that was his high school nickname.

30. Despite Rube's BBQ's and/or Mr. Rubner's actual and constructive notice of Rube's trademark rights, Rube's BBQ and/or Mr. Rubner have used and continue to use the Infringing Mark in connection with Rube's BBQ's meat products and catering services.

## **INJURY AND HARM TO RUBE'S**

31. Rube's BBQ's and/or Mr. Rubner's use of the Infringing Mark in connection with its business comprising of the sale of meat products and provision of catering services constitutes both infringement and misappropriation and has caused, and will continue to cause, confusion, including by misleading consumers to believe erroneously, that the products and services offered by Rube's BBQ are approved, provided, endorsed, and/or sponsored by Rube's.

32. Upon information and belief, Rube's BBQ and/or Mr. Rubner knowingly and for profit has used the Infringing Mark to attract consumers, knowing that consumers will wrongly believe that such use is sponsored or endorsed by or associated or affiliated with, Rube's. These uses have already caused confusion among consumers.

33. Rube's BBQ's and/or Mr. Rubner's unlawful conduct has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with RUBE'S Marks.

34. Rube's BBQ's and/or Mr. Rubner's unlawful conduct has lessened, and will continue to lessen, the capacity of RUBE'S Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, Rube's under its RUBE'S Marks.

35. Rube's BBQ's and/or Mr. Rubner's unlawful conduct as set forth herein was and continues to be willful, deliberate, and in bad faith.

36. For the foregoing reasons, unless enjoined, Rube's BBQ and/or Mr. Rubner will continue to cause immediate harm and irreparable injury to Rube's and to the goodwill and value of its RUBE'S Marks.

## COUNT I
## TRADEMARK INFRINGEMENT – 15 U.S.C.§ 1114

37. Rube's repeats and realleges the foregoing allegations asserted in Paragraphs 1 through 36 as if set forth fully herein.

38. Rube's BBQ's and/or Mr. Rubner's unlawful use of the Infringing Mark violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of Rube's federally registered RUBE'S Marks in connection with providing, offering and advertising Rube's BBQ's meat products and catering services in a manner likely to cause confusion, mistake, or deception.

39. Rube's BBQ's and/or Mr. Rubner's conduct also constitutes an attempt to trade on the goodwill that Rube's has developed in the RUBE'S Marks, to the damage of Rube's.

40. On information and belief, Rube's BBQ's and/or Mr. Rubner's conduct has been and continues to be willful, deliberate, and in bad faith.

41. By its conduct, Rube's BBQ and/or Mr. Rubner has caused Rube's damage and irreparable injury for which Rube's has no adequate remedy at law, and Rube's BBQ and/or Mr. Rubner will continue to cause irreparable injury unless restrained and enjoined by this Court from further infringing the RUBE'S Marks and confusing the public.

42. On information and belief, Rube's BBQ and/or Mr. Rubner have received revenues and profits as a result of its infringing use, to which Rube's BBQ and/or Mr. Rubner are not entitled, and Rube's has also suffered damages as a result of Rube's BBQ's and/or Mr. Rubner's unlawful conduct for which Rube's BBQ and/or Mr. Rubner are responsible.

## COUNT II
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)

43. Rube's repeats and realleges the foregoing allegations asserted in Paragraphs 1 through 41 as if set forth fully herein.

44. Rube's BBQ's and/or Mr. Rubner's use of the Infringing Marks violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Rube's BBQ's has willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that likely caused, and is causing, confusion and mistake as to the origin, sponsorship, or approval by Rube's of products and services promoted by Rube's BBQ. This conduct constitutes infringement of the RUBE's Marks, as well as unfair competition and false designation of origin.

45. On information and belief, Rube's BBQ's and/or Mr. Rubner's conduct has been and continues to be willful, deliberate, and in bad faith.

46. By its conduct, Rube's BBQ and/or Mr. Rubner has inflicted damage and irreparable injury upon Rube's for which Rube's has no adequate remedy at law, and Rube's

BBQ's and/or Mr. Rubner's will continue to do so unless restrained and enjoined by this Court from further infringing the RUBE'S Marks and confusing the public.

47. On information and belief, Rube's BBQ and/or Mr. Rubner has received revenues and profits as a result of its infringing use, to which Rube's BBQ and/or Mr. Rubner is not entitled, and Rube's has also suffered damages as a result of Rube's BBQ's and/or Mr. Rubner's unlawful conduct, for which Rube's BBQ and/or Mr. Rubner's are responsible.

<u>**COUNT III**</u>
<u>**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**</u>
<u>**UNDER THE COMMON LAW OF IOWA**</u>

48. Rube's repeats and realleges the foregoing allegations asserted in Paragraphs 1 through 47 as if set forth fully herein.

49. Rube's BBQ's and/or Mr. Rubner's use of the Infringing Mark in connection with Rube's BBQ's products and services constitutes trademark infringement and unfair competition under the common law of Iowa because Rube's has used in commerce a mark confusingly similar to RUBE'S Marks in connection with the sale, offering for sale, distribution, and advertising of meat products and/or restaurant and/or catering services in a manner likely to cause confusion, mistake, and deception as to the source or origin of Rube's BBQ's products and services, or the affiliation, sponsorship, or other relationship between the parties.

50. On information and belief, Rube's BBQ's and/or Mr. Rubner's conduct has been and continues to be willful, deliberate, and in bad faith.

51. By its conduct, Rube's BBQ and/or Mr. Rubner has harmed and deceived the public and has inflicted damage and irreparable injury upon Rube's for which Rube's has no adequate remedy at law, and Rube's BBQ and/or Mr. Rubner will continue to do so unless

restrained and enjoined by this Court from further infringing the RUBE'S Marks and confusing the public.

## PRAYER FOR RELIEF

FOR THESE REASONS, Rube's respectfully prays for a judgment:

A.  Enjoining and restraining Mr. Rubner and/or Rube's BBQ and its principals, agents, servants, employees, successors, and assigns and all those in privity, concert or participation with it, from engaging in the following acts:

  i. using without authorization from Rube's any of the RUBE'S Marks, logos, and trade names, including but not limited to the designation "Rube's BBQ," or any other name, logo, or mark that includes the designation "RUBE'S" or that is confusingly or deceptively similar to any of the RUBE'S Marks, logos, trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods comprising food or meat products or services comprising restaurant, food, or catering services sold or distributed by Rube's BBQ or Mr. Rubner, or in any other manner; and

  ii. engaging in any other activity constituting unfair competition or infringement of the RUBE'S Marks or Rube's rights in, or to use, or to exploit the same; and

  iii. assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (i) – (ii) above;

B.  Requiring Rube's BBQ and/or Mr. Rubner, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs (including but not limited to physical and electronic signs on vehicles, websites, buildings), labels, prints, packages, wrappers, containers, advertising materials, internet

content, stationery, software, and any other items in their possession or control which contain the Infringing Mark or the designation "RUBE'S" or any term confusingly similar thereto, either alone or in combination with other words or symbols, and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

C. Requiring Rube's BBQ and/or Mr. Rubner to file with the Court and to serve on Rube's within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Rube's BBQ and/or Mr. Rubner has complied with the injunction;

D. Requiring Rube's BBQ and/or Mr. Rubner to pay Rube's monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the Rube's BBQ's profits or gains of any kind resulting from Rube's BBQ's and/or Mr. Rubner's unlawful conduct as described above, plus interest thereon, and require, with respect to damages resulting from infringement of the RUBE'S Marks or from unfair competition or false designation of origin under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

E. Require Rube's BBQ and/or Mr. Rubner to account for and pay to Rube's all profits derived by Rube's BBQ and/or Mr. Rubner resulting from their use of the RUBE'S Marks;

F. Award Rube's the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Iowa law;

G. Award Rube's punitive damages under Iowa Code § 668A.1;

H. Award Rube's pre-judgment and post-judgment interest as recoverable under statute and common law on all sums; and

I. Award such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Respectfully submitted,

/s/ Michael A. Dee
Michael Dee, AT0002043

BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  (515) 242-2400
Facsimile:   (515) 323-8575
E-mail:  dee@brownwinick.com

ATTORNEY FOR PLAINTIFF